1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar No. 13644
3  LISA CARTIER GIROUX
   Nevada State Bar Number 14040
4  STEPHANIE N. IHLER
5  Assistant United States Attorneys
   501 Las Vegas Boulevard South, Suite 1100
6  Las Vegas, Nevada 89101
   PHONE: (702) 388-6226
7  FAX: (702) 388-6418
8  Lisa.Cartier-Giroux@usdoj.gov
   Stephanie.ihler@usdoj.gov
9
   Attorneys for the United States
10

                         UNITED STATES DISTRICT COURT
11                             DISTRICT OF NEVADA
                                      -oOo-
12
                                                    2:19-MJ-00655-EJY
13  UNITED STATES OF AMERICA,           Case No.:

14        Plaintiff,                    CRIMINAL COMPLAINT

15  vs.                                 Count One
                                        18 U.S.C. § 922(a)(1)(A) – Engaging in
16  JAYSON MICHAEL BABBITT              the Business of Dealing in Firearms
                                        Without a License
17        Defendant.
                                        Count Two
18                                      18 U.S.C. § 922(o) – Illegal Possession of a
                                        Machine Gun
19
                                        Count Three
20                                      26 U.S.C. § 5861(f) – Making of a Firearm
                                        in Violation of the National Firearms Act
21                                      (Machine Gun)

22

23  ///

24  ///

19 SEP -4  AM 11: 00

1  Before the United States Magistrate Judge, Las Vegas, Nevada, the undersigned

2  complainant, being duly sworn, deposes and states:

3  ### COUNT ONE
*Engaging in the Business of Dealing in Firearms Without a License*

4  18 U.S.C. § 922(a)(1)(A)

5  Beginning on or about June 17, 2019, and continuing up to and including September

6  3, 2019, in the State and Federal District of Nevada,

7  JAYSON MICHAEL BABBITT,

8  the defendant herein, not being a licensed dealer, importer, and manufacturer of firearms

9  within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the

10  business of dealing in, importing, and manufacturing firearms, in that he did sell to another

11  person a black firearm with an 8 ½ inch barrel, bearing no serial number, which

12  automatically shoots more than one shot, without manual reloading, by a single function of

13  the trigger, and a black firearm with a 16 inch barrel, bearing no serial number, which

14  automatically shoots more than one shot, without manual reloading, by a single function of

15  the trigger, all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and

16  924(a)(1)(D).

17  ### COUNT TWO
*Illegal Possession of a Machine Gun*

18  18 U.S.C. § 922(o)

19  On or about July 24, 2019, in the State and Federal District of Nevada,

20  JAYSON MICHAEL BABBITT,

21  the defendant herein, did knowingly possess and transfer machine guns, to wit: a black

22  firearm with an 8 ½ inch barrel, bearing no serial number, which automatically shoots more

23  than one shot, without manual reloading, by a single function of the trigger, and a black

24  firearm with a 16 inch barrel, bearing no serial number, which automatically shoots more

2

1   than one shot, without manual reloading, by a single function of the trigger, all in violation

2   of Title 18, United States Code, Sections 922(o) and 924(a)(2).

3   **COUNT THREE**
*Making of a Firearm in Violation of the National Firearms Act (Machine Gun)*
4   26 U.S.C. § 5861(f)

5   On or about July 24, 2019, in the State and Federal District of Nevada,

6   JAYSON MICHAEL BABBITT,

7   the defendant herein, knowingly made a firearm, to wit: a black firearm with an 8 ½ inch

8   barrel, bearing no serial number, which automatically shoots more than one shot, without

9   manual reloading, by a single function of the trigger, and a black firearm with a 16 inch

10  barrel, bearing no serial number, which automatically shoots more than one shot, without

11  manual reloading, by a single function of the trigger, which is a machine gun as defined

12  pursuant to Title 26, United States Code, Section 5845(a)(6) and (b), all in violation of Title

13  26, United States Code, Sections 5822, 5861(f), and 5871.

14  **PROBABLE CAUSE**

15  I, GREGORY PAINTON, Special Agent with the Bureau of Alcohol, Tobacco,

16  Firearms and Explosives, being duly sworn, hereby declare and state the following:

17  1.      I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and

18  Explosives (hereafter, "ATF"), and as such, I am an "investigative or law enforcement officer

19  of the United States" within the meaning of Title 18, United States Code (U.S.C.), Section

20  2510(7); that is, an officer of the United States, who is empowered by law to conduct

21  investigations of and make arrests for offenses enumerated in Title 18, U.S.C., Section 2516.

22  2.      I have been employed with ATF since May 2014. I am currently assigned to

23  the Las Vegas Field Division of the ATF where I am responsible for investigating federal

24  firearm violations and specializing in the reduction of violent crime, including gang activity

3

1   and narcotics violations.   As an ATF Special Agent, I have successfully completed the

2   Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT)

3   at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia.   I have

4   approximately seven (7) years of prior law enforcement experience as a city Police Officer

5   within the state of Arizona, as well as a Criminal Investigator with the Nevada Attorney

6   General's Office.

7        3.      During my professional training and experience, I have both assisted in and

8   conducted investigations into firearms and narcotic violations.   I have also participated in

9   undercover operations, and in the execution of search warrants at locations associated with

10  these individuals.   During the execution of search warrants, I have participated in the

11  recovery of evidence related to firearms and narcotic violations.   Through this experience

12  and training, and based upon the experience of other Special Agents which have been relayed

13  to me, I have become familiar with the modus operandi of firearms traffickers, narcotics

14  traffickers, and illegal possessors of firearms and ammunition as enumerated herein.

15       4.      I have been involved in an investigation, which is the subject of this Affidavit.

16  Due to my personal participation in this investigation and reports made to me by other ATF

17  Agents and other Law Enforcement Officers, I am familiar with all of the facts and

18  circumstances surrounding the investigation. My training and experience as a Special Agent,

19  including participation in this investigation, form the basis for opinions and conclusions set

20  forth below.

21       5.      The facts in this complaint come from my personal observations, my training

22  and experience, and information obtained from other agents and witnesses. The following

23  information contained within this criminal complaint is based upon my participation in this

24  investigation or was provided to me by other law enforcement personnel.  This complaint is

4

1    intended to show merely that there is sufficient probable cause for the requested complaint

2    and does not set forth all of my knowledge about this matter.

3           6.      Based on the facts set forth in this affidavit, there is probable cause to believe

4    that   violations of Title 18, United States Code, Section 922(a)(1)(A), Engaging in the

5    Business of Dealing in Firearms Without a License, Title 18, United States Code, Section

6    922(o), Illegal Possession of a Machine Gun, and Title 26, United States Code, Section

7    5861(f), Making of a Firearm in Violation of the National Firearms Act (Machine Gun) have

8    been committed by Jayson Michael BABBITT.

9           7.      On or around June 17, 2019, the ATF Las Vegas Field Office learned, through

10   a Las Vegas Metropolitan Police Department (LVMPD) Confidential Informant (CI) that a

11   subject identified as Jayson Michael BABBITT was suspected of manufacturing and/or

12   converting full-automatic machine gun style firearms and offering them for purchase in the

13   Las Vegas, NV area.

14          8.      On July 24, 2019 around 1500 hours, ATF and LVMPD conducted an

15   operation for LVMPD UC to purchase two (2) suspected AR-15 style machine-guns from

16   BABBITT. BABBITT agreed to meet UC at the Shell Gas Station, located at 8835 S Eastern

17   Ave., Las Vegas, Nevada.  BABBITT stated that he had to run home and pick up the rifles

18   and would be right there.  At approximately, 1535 hours, UC sent BABBITT a text message

19   stating that UC was at the La Tapatia Market at 8826 S Eastern Ave., instead of the Shell

20   Gas station. At approximately 1543 hours, BABBITT texted back stating that he is at the

21   Shell station and will be right over.  A few moments later, BABBITT arrived in a Door Dodge

22   Truck, bearing Nevada License plate 530ZCF.   BABBITT parked next to UC's vehicle and

23   entered the front passenger door of the UC vehicle.

24

9.    BABBITT advised UC that the rifles were in his truck, but wanted to show UC how BABBITT made the rifles first.  BABBITT explained to UC that the firearms were made from 80% lower receivers and that they were "Ghost Guns."  BABBITT explained that "Ghost Guns" means that the firearms do not have any serial numbers, so they do not exist in the eyes of the ATF.  BABBITT went on to explain that BABBITT made the firearms from a block of aluminum with a "jig" at his home.  BABBITT used one 8 ½ inch barrel and one 16 inch barrel along with M-16 machine gun parts to finish the firearm, and explained that the M-16 parts will last longer.  BABBITT used his cellular phone to show UC pictures of the "jig" that BABBITT used to manufacture the firearms, along with a video of BABBITT "test firing" the rifles to make sure they functioned.  UC stated that the video showed an unknown male subject shooting a rifle in 3-4 round spurts at a time.

10.    BABBITT advised UC that BABBITT did not want to see these guns again after UC takes them.  UC acknowledged that the firearms were leaving the "States," meaning the Unites States.  BABBITT then exited the UC vehicle and retrieved a gun bag from the rear seat of BABBITT's vehicle.  BABBITT opened the rear door of the UC vehicle and placed the bag in the back seat, before returning to sit in the front seat of the UC vehicle.  BABBITT retrieved two (2) rifles from the bag and began manipulating them to show UC how to operate the firearms.

11.    BABBITT explained to UC that if UC wanted real M-16 machine guns, it would cost around $25,000 each.  BABBITT stated to the UC that the short barrel rifle was illegal.

12.    UC paid BABBITT $4,200.00 cash for the two rifles.  BABBITT told UC that BABBITT was going to stock up on the parts to manufacture the rifles so it did not take as long to make them for UC.

13. Law enforcement surveillance units subsequently followed BABBITT to a residence located at 2194 Haypenny Ct., Las Vegas, Nevada 89123, and BABBITT entered the residence.

14. On June 17, 2019, I had queried if BABBITT possessed a Federal Firearm License (FFL) to engage in the business of manufacturing or dealing firearms, which returned a negative result. Furthermore, upon information and belief BABBITT has not registered, paid tax on, and obtained approval to make and possess the firearms that he sold to UC.

15. On June 17, 2019, a criminal history query revealed that BABBITT is not a convicted felon.

16. On August 1, 2019, the firearms purchased from BABBITT on July 24, 2019 were examined through the ATF Firearms Technology Criminal Branch. Both firearms were tested and found that they shoot automatically more than one shot, without manual reloading, by a single function of the trigger. Therefore, both firearms are defined as machine guns under the National Firearms Act, Title 26, United States Code Section 5845(b).

17. The barrel measurements on one of the firearms purchased from BABBITT on July 24, 2019 revealed it is just under 10 (ten) inches in length which meets the description of a Short Barrel Rifle under the National Firearms Act, Title 26, United States Code Section 5845(a)(3), as having a barrel of less than 16 (sixteen) inches in length.

18. On August 29, 2019, BABBITT contacted UC stating that BABBITT needed money and offered to sell UC a handgun for $1,200.00. UC and BABBITT agreed on a sell price of $1,000.00. Due to UC being unavailable to purchase the firearm from BABBITT, UC told BABBITT that UC's "boy" would pick it up the following day, August 30, 2019.

7

19.   On August 30, 2019, ATF conducted an operation for ATF CI-7778 to purchase the handgun from BABBITT.  ATF CI contacted BABBITT on phone number (702) 720-8614.  ATF CI and BABBITT agreed to meet in the parking lot of the Las Vegas Athletic Club, located at 9065 S Eastern Ave, Las Vegas, NV 89123.

20.   At approximately 1314 hours, ATF CI met with BABBITT, who arrived in a Green colored Dodge Challenger, bearing Nevada License plate VAP555, and purchased a handgun style firearm (Manufacture: Sig Sauer, Model: P229, Caliber: 9mm, Serial: 55B069447) for $1,000.00.

21.   On September 3, 2019, ATF and LVMPD conducted an operation for LVMPD UC to purchase three (3) additional AR-15 style machine guns from BABBITT. UC coordinated to meet BABBITT in the parking lot of 8826 S Eastern Ave., Las Vegas, NV 89123 to purchase the three (3) machine guns for $6,000.00.

22.   At approximately 1215 hours, UC met BABBITT at the predetermined location.  BABBITT arrived in the green colored Dodge Challenger, bearing Nevada license plate VAP555, and parked next to UC's vehicle.

23.   BABBITT exited his vehicle with a large gun bag and entered the front seat of UC's vehicle.  BABBITT explained to UC how BABBITT manufactured the firearms. BABBITT inquired how many additional machine guns UC would want.  UC advised BABBITT that UC would want five (5) machine guns with each order.  BABBITT stated that he was going to buy a machine that would allow him to make the gun parts easier and quicker.

24.   UC paid BABBITT $6,000.00 in pre-recorded currency for the three (3) suspected machine guns.

1       25.    Immediately following the operation, BABBITT was taken into custody.

2   BABBITT was read his "Miranda Rights" and admitted to manufacturing the machine guns

3   at his residence, 2194 Haypenny Ct., Las Vegas, NV 89123.

4   **CONCLUSION**

5       Based upon the foregoing facts, I respectfully submit that there is probable cause to

6   believe that violations of Title 18, United States Code, Section 922(a)(1)(A), Engaging in the

7   Business of Dealing in Firearms Without a License, Title 18, United States Code, Section

8   922(o), Illegal Possession of a Machine Gun, and Title 26, United States Code, Section

9   5861(f), Making of a Firearm in Violation of the National Firearms Act (Machine Gun) have

10  been committed by Jayson Michael BABBITT.

11

12                              GREGORY PAINTON, Special Agent

13                              Bureau of Alcohol, Tobacco, Firearms
                                and Explosives

14

15  Subscribed and sworn to before me this 4th day of September, 2019.

16

17

18  HONORABLE ELAYNA J. YOUCHAH
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

9